## Staunton.

OGDEN AND AL. v. BROWN AND AL.

SEPTEMBER 15th, 1887.

CHANCERY PRACTICE—*Decree—Answer after.*—Where decree of sale to satisfy lien for purchase-money is entered as by confession, and on same day purchaser answers, setting up that in a suit in same court a controversy is pending as to the ownership of said money—

HELD:

This is good cause to amend or suspend the decree until the question of ownership is settled. Code 1873, ch. 167, § 35.

Appeal from decree of circuit court of Amherst county, rendered April 16th, 1886, in the suit of E. S. Brown and J. T. Brown, commissioners, complainants, against Silas Ogden and John B. Robertson, trustee, defendants. The decree being unfavorable to the defendants, they obtained an appeal and *supersedeas.* The opinion states the case.

*W. G. Loving,* for the appellants.

*E. S. Brown* and *John H. Lewis,* for the appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Amherst county, rendered on the sixteenth day of April, 1886. The suit was instituted in March, 1886, having for its object the enforcement of the lien of certain judgments obtained against the defendant, Ogden, in the name of the

defendant in this suit, John B. Robertson, trustee. The judgments were obtained, respectively, at the October term, 1882, October term, 1883, and at the October term, 1884, and were upon the bonds given by Ogden for the purchase-money of certain property mentioned in the bill as Pedlar mills, and certain lands adjoining. The enforcement of the judgments was delayed by injunction in another suit, which was dismissed on the eighteenth of October, 1883. The title to the property was retained by the trustee, Robertson, to secure the payment of the purchase-money. The bill in this case alleging that a resale of the land was necessary, and that the trustee was in very embarrassed circumstances, and that the resale should not be made by him, and the same being taken for confessed, as to both Ogden and Robertson, trustee, the court, on the sixteenth day of April, 1886, rendered the decree complained of; the defendant, Robertson, trustee, having filed a deed conveying the said land to Ogden in the papers in the cause. The court decreed that, unless the defendant paid the said purchase-money within sixty days from the date of the decree, the appellees, who were named commissioners for that purpose, should resell the said land at public auction on terms there stated. On the same day, subsequently to the entry of this decree, the answer of Ogden was filed in the cause by leave of the court, to which the plaintiffs replied generally. In this answer the defendant, Ogden, denied the right of the commissioners appointed by the court to maintain the suit, the contract not having been made with the commissioners, but with the trustee, who had not been removed, and setting up a dispute concerning the ownership of the purchase-money for the property bought by him, carried on in another suit, in that court, in the name of Davidson against Smith, and filed the answer of Hazael Williams in that suit with his said answer, in which the said Williams claimed that a

large part of the purchase-money was due to him under his original contract concerning the land in question. There was no evidence taken in the cause, nor was the answer of the defendant further noticed in the cause than as has been said; nor was the decree amended or stayed, when the appellant, anticipating an execution of the decree for sale of the land by the commissioners appointed therein for the purpose, applied for and obtained an appeal to this court.

The first error assigned is that the circuit court took no notice of the answer filed on the same day the decree was entered, and rendered the decree upon the bill as taken for confessed as to the said respondent, and decreed a sale in the face of the fact, which appeared from the answer and exhibit filed therewith, that a controversy was depending, in another suit, concerning the ownership of the judgments sought to be enforced in this suit. It is contended on the other hand that, while this is true now, as the record stands, it was not true when the decree was rendered which directed the sale—the said proceedings being subsequent to the decree; that while an answer may be filed at any time before final decree, the cause cannot be delayed thereby. Our statute provides that "at any time before final decree a defendant may be allowed to file his answer, but a cause shall not be sent to the rules, or continued, because an answer is filed in it, *unless good cause be* shown therefor." Chapter 167, section 35, Code of Virginia.

Whatever may have been the propriety of the decree complained of when entered, when on the same day it appeared to have been improvidently rendered, it should have been amended, or its operation suspended, and steps taken to settle, either in this suit or in the suit of Davidson against Smith, the rights of the parties to the fund in question, in order to sell the land at the best price, and to

prevent its sacrifice. Under the circumstances of this case it may be necessary to ascertain the rights of the parties to the fund to be raised by the sale of the land, as well as to determine the liens thereon ; and whether it was necessary to take an account of these in this suit, or await the result of that investigation in the other suit, it is necessary that such settlement shall be made before the sale is made. As is suggested, Hazael Williams, who was the original owner of the land, was the owner of a large part of the purchase-money, as he claimed, or if some other person was, the sale could be safely made only after this question had been settled.

We are of the opinion that the circuit court of Amherst county erred in not reforming or amending its decree, or suspending its operation until this question in dispute had been settled. And for this cause the said decree will be reversed, and the cause remanded for further proceedings to be had therein, in order to the final settlement of all disputed questions in the cause. Reversed and remanded.

DECREE REVERSED.